24CA1253 Peo in Interest of GDC 01-23-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1253
Adams County District Court No. 23JV30116
Honorable Caryn A. Datz, Judge

The People of the State of Colorado,

Appellee,

In the Interest of G.D.C. and E.S.C., Children,

and Concerning R.S.C.,

Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division III
Opinion by JUDGE TAUBMAN*
Dunn and Tow, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 23, 2025

Heidi Miller, County Attorney, Deborah Kershner, Assistant County Attorney, Westminster, Colorado, for Appellee

Tausha Riley, Guardian Ad Litem

Lindsey Parlin, Office of Respondent Parents Counsel, Denver, Colorado, for Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    R.S.C. (mother) appeals the parenting time provision of the judgment allocating parental responsibilities for G.D.C. and E.S.C. (the children) to A.M. (maternal grandmother). We reverse and remand the case to the juvenile court for further proceedings.

## I.    Background

¶ 2    In 2020, the Adams County Human Services Department filed a petition in dependency and neglect (D&N) regarding the children. The juvenile court closed the case with an allocation of parental responsibilities (APR) to mother, and the order was later certified into a domestic relations case.

¶ 3    In June 2023, the Department filed another D&N petition, alleging, among other things, concerns about mother's substance abuse. At that time, the children were living with maternal grandmother.

¶ 4    Less than a year later, the juvenile court adjudicated the children dependent and neglected and adopted a treatment plan for mother. Under the plan, mother was required to cooperate with all case professionals, participate in family time with the children, address her substance abuse and mental health issues, and engage with life skills services.

¶ 5     In May 2024, the children's guardian ad litem moved for an APR to maternal grandmother, asserting that mother had not complied with her treatment plan.

¶ 6     The following month, the juvenile court held an evidentiary hearing on the motion. Although mother was not present, she was represented by an attorney. After proceeding with offers of proof, the court orally designated maternal grandmother the children's primary residential parent and sole decisionmaker. The court granted mother supervised parenting time "at the discretion" of maternal grandmother.[1] On June 21, 2024, the court entered a written judgment that tracked its oral ruling.

¶ 7     The juvenile court then certified the judgment into the previous domestic relations case and closed the D&N case.

## II.     Discussion

¶ 8     Mother contends — and we agree — that the juvenile court erred by ordering her parenting time to "be at the discretion" of maternal grandmother.

---

[1] The juvenile court entered a similar parenting time provision concerning father, but he has not appealed it.

¶ 9 A juvenile court cannot delegate decisions regarding parenting time to a third party because the court itself must make those decisions. *See People in Interest of B.C.*, 122 P.3d 1067, 1070-71 (Colo. App. 2005) (juvenile court cannot delegate parenting time decisions to others); *see also People in Interest of H.K.W.*, 2017 COA 70, ¶ 13, 417 P.3d 875, 879 (in dependency and neglect case, court may consider the best interest of child factors in Uniform Dissolution of Marriage Act, as long as focus is on protection and safety of the child); *In re Marriage of Hatton*, 160 P.3d 326, 334-35 (Colo. App. 2007) (delegation of parenting time decisions to one parent is improper when the issue is contested between the parents); *In re Marriage of Elmer*, 936 P.2d 617, 621 (Colo. App. 1997) (district court cannot delegate the decision of when overnight visits can occur to the child's psychiatrist).

¶ 10 Based on the above, we conclude that the juvenile court improperly delegated the decision of when mother could exercise parenting time. The court should have made that determination itself, instead of giving maternal grandmother unfettered discretion. If the court intended to limit or deny mother's parenting time, it needed to say so in the APR judgment; it cannot delegate that

3

decision to a third party. Thus, the court erred in this regard. *See B.C.*, 122 P.3d at 1070-71.

¶ 11 We reverse only the parenting time provision of the APR judgment and remand the case for the juvenile court to allocate parenting time without delegating the decision to a third party. On remand, the juvenile court may consider additional evidence based on the current circumstances of the parents, maternal grandmother, and the children.

### III. Disposition

¶ 12 The judgment is reversed, and the case is remanded to the juvenile court for further proceedings consistent with this opinion.

JUDGE DUNN and JUDGE TOW concur.